## ORDER

PER CURIAM:

AND NOW, this 13th day of September, 2005, the Petition for Allowance of Appeal is hereby GRANTED, LIMITED to the following issue:

Whether the Commonwealth offered sufficient evidence to convict Petitioner of aggravated assault, graded as a felony of the first degree. In doing so, discuss the competing approaches contained in *Commonwealth v. Mayo,* 272 Pa.Super. 115, 414 A.2d 696 (1979) and *Commonwealth v. Gruff,* 822 A.2d 773 (Pa.Super.2003) and which approach, or other approach, should be adopted as the law of the Commonwealth with respect to this issue.

884 A.2d 248

**COMMONWEALTH of Pennsylvania**

v.

**Karl LONG**

**Petition of WPXI, Inc.**

Supreme Court of Pennsylvania.

Sept. 21, 2005.

## ORDER

PER CURIAM:

**AND NOW,** this 21st day of September 2005, the Petition for Allowance of Appeal is GRANTED, limited to the following question:

Whether the First Amendment to the United States Constitution, Article I, Section 11 of the Pennsylvania Constitution, and/or the common law provide a right of access to the names and addresses of impaneled jurors in a criminal case?

884 A.2d 249

**COMMONWEALTH of Pennsylvania**

v.

**Karl LONG**

**Petition of Tribune–Review Publishing Company.**

Supreme Court of Pennsylvania.

Sept. 21, 2005.

## *ORDER*

PER CURIAM:

**AND NOW,** this 21st day of September 2005, the Petition for Allowance of Appeal is GRANTED, limited to the following question:

Whether the First Amendment to the United States Constitution, Article I, Section 11 of the Pennsylvania Constitution, and/or the common law provide a right of access to the names and addresses of impaneled jurors in a criminal case?